SUMMERS, ordinary, *vs.* CHRISTIAN *et al.*

Section 897 of the Code provides that the overplus arising from the sale of unreturned property for taxes shall be paid to the ordinary as a part of the educational fund, subject to the claim of the true owner within four years. In the present case, the action was brought by the purchasers at the sheriff's sale, but it did not appear what right they had to recover such overplus, whether by assignment from the true owner or otherwise.

(*a.*) It may be that the persons having charge of the disbursement of the educational fund might maintain an action against the ordinary for a misapplication of this fund, if not barred.

Judgment reversed.

November 16, 1883.

BLANDFORD, Justice.

[Christian, for the use of various parties, brought suit against Summers, the former ordinary, and his bondsmen, alleging that a *fi. fa.* had been issued by the tax collector of the county against a certain lot of land, said to belong to one Weldon, for taxes; that it had been sold by the sheriff, and after paying costs, the fund arising therefrom had been paid to Summers, as ordinary, on account of the school fund; that the owner of the land was an idiot from his birth, and the sale entirely void; that plaintiff bought at the sheriff's sale, and subsequently sold the land to the parties for whose use he sued, and that the title failed. He therefore claimed that the consideration had entirely

v 72-14

failed, and that he should recover the money so received by defendant.

On motion, all of the defendants were stricken except Summers. It is unnecessary to detail the evidence, further than to state that plaintiff introduced testimony to show that he had asked defendant in 1876 to hold the money, and the latter said he had it still in his hands, and would hold it. Defendant testified that the sale was in 1869; that he held the fund raised for four years, and no demand being made for it, and there being no school board at that time, he paid it out for the building of a county bridge. The case was submitted to the presiding judge without a jury. He rendered judgment for the plaintiff for $369.98 principal, with interest. Defendant thereupon excepted.]